# United States Court of Appeals
## For the First Circuit
———————————

No. 21-1301

CENTRO DE PERIODISMO INVESTIGATIVO, INC.,

Plaintiff – Appellee,

v.

FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO,

Defendant – Appellant.

———————————

## APPELLANT'S OPPOSITION TO APPELLEE'S
## MOTION TO RECONSIDER, VACATE OR MODIFY JUDGMENT

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Appellant the Financial Oversight and Management Board for Puerto Rico is not required to file a Corporate Disclosure Statement pursuant to Federal Rule of Appellate Procedure 26.1 because it is not a non-governmental corporate party.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................1

RELEVANT PROCEDURAL HISTORY ...................................................2

ARGUMENT ..............................................................................................6

    A.    This Panel Has Already Decided, Consistent with Well-Settled
        Precedent, that the Eleventh Amendment Applies to Puerto
        Rico.........................................................................................................8

    B.    CPI's Commonwealth-Law Waiver Argument Is Forfeited.................9

    C.    The Panel's Judgment Does Not Violate the Supreme Court's
        Mandate ...........................................................................................12

CONCLUSION .........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arecibo Cmty. Health Care, Inc. v. Puerto Rico*,
   270 F.3d 17 (1st Cir. 2001)................................................................7, 8

*Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*,
   958 F.3d 26 (1st Cir. 2020)...................................................................9

*Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt.
   Bd. for P.R.*,
   2018 WL 2094375 (D.P.R. May 4, 2018) .......................................3, 8

*Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt.
   Bd. for P.R.*,
   35 F.4th 1 (1st Cir. 2022)............................................................passim

*Cohen v. Brown Univ.*,
   101 F.3d 155 (1st Cir. 1996)..................................................................8

*Davis v. Fort Bend Cty.*,
   893 F.3d 300 (5th Cir. 2018) ..............................................................10

*Diaz-Fonseca v. Puerto Rico*,
   451 F.3d 13 (1st Cir. 2006)...................................................................7

*Fin. Oversight & Mgmt. Bd. for P.R. v. Centro de Periodismo
   Investigativo, Inc.*,
   143 S. Ct. 1176 (2023)...............................................................passim

*Fin. Oversight & Mgmt. Bd. for P.R. v. Aurelius Inv., LLC*,
   140 S. Ct. 1649 (2020)........................................................................12

*Grajales v. P.R. Ports Auth.*,
   831 F.3d 11 (1st Cir. 2016)...................................................................9

*Jander v. Ret. Plans Comm. of IBM*,
   962 F.3d 85 (2d Cir. 2020) .................................................................11

*Jusino Mercado v. Com. of P.R.*,
   214 F.3d 34 (1st Cir. 2000) ...................................................................8

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) ................................................................................7

*Puerto Rico v. Sánchez-Valle*,
   579 U.S. 59 (2016) ................................................................................9

*Ret. Plans Comm. of IBM v. Jander,*
   140 S. Ct. 592 (2020) ..........................................................................11

*Rhode Island v. Narragansett Indian Tribe*,
   19 F.3d 685 (1st Cir. 1994) .................................................................10

*Tibble v. Edison Int'l*,
   843 F.3d 1187 (9th Cir. 2016) .............................................................11

*United States v. Reyes-Santiago*,
   804 F.3d 453 (1st Cir. 2015) ...............................................................11

*Vaquería Tres Monjitas, Inc. v. Pagan*,
   748 F.3d 21 (1st Cir. 2014) ...................................................................8

## STATUTES & CONSTITUTIONS

48 U.S.C. § 2125 .....................................................................................12

48 U.S.C. § 2126(a) .............................................................................5, 6

U.S. Const. amend. XI .....................................................................passim

Appellant the Financial Oversight and Management Board for Puerto Rico (the "Board") hereby opposes the motion for reconsideration filed by Appellee Centro de Investigativo, Inc. ("CPI").

## PRELIMINARY STATEMENT

After the Supreme Court's reversal, this Court issued a Judgment remanding the consolidated cases with instructions to dismiss with prejudice. There is no reason for the Panel to reconsider that Judgment because every relevant and preserved issue has been resolved against CPI. There is nothing left for the district court to decide that could affect the outcome. The district court's only remaining task is to dismiss the cases and issue a final judgment.

During the prior proceedings at the district court and on the previous appeal, CPI raised only two challenges to the Board's assertion of sovereign immunity. First, CPI argued that Puerto Rico does not possess immunity under the Eleventh Amendment, and therefore the Board has no immunity, either. Second, it argued that, even if the Board had immunity, Congress abrogated it when it enacted PROMESA. This Panel squarely rejected the first argument based on longstanding precedent, and the Supreme Court rejected the second argument.

Neither of the two issues that CPI now identifies in its motion for reconsideration is live. The first is the same Eleventh Amendment argument that this Panel already rejected and that remained untouched by the Supreme Court's

decision.  The Panel's prior ruling that the Eleventh Amendment applies to Puerto Rico is now law of the case.  Moreover, it would be pointless to remand for the district court to address a question the Panel already decided and on which there is binding precedent going back four decades.

The second issue identified in CPI's motion—whether the Board's immunity was waived under Commonwealth law—has never been raised before in this litigation.  As such, it is forfeited.  It is far too late in the day for CPI to be trotting out new theories to attack the Board's immunity defense.  If CPI wanted to press a waiver argument under Commonwealth law, the time to do so was when the Board first asserted sovereign immunity, not six years later after all of CPI's other arguments were rejected by the Supreme Court and this Panel.

The bottom line is that CPI cannot identify a single preserved issue that could overcome the Board's immunity defense if presented to the district court.  Accordingly, a remand with instructions for the district court to dismiss the consolidated cases was the proper determination, and no further proceeding is warranted.

## <u>RELEVANT PROCEDURAL HISTORY</u>

1.      This appeal arises from two litigations in the United States District Court for the District of Puerto Rico in which CPI asserted claims against the Board seeking to compel the public disclosure of the Board's documents pursuant

2

to the Puerto Rico Constitution. *See* Case Nos. 17-cv-01743 ("*CPI I*") and No. 19-cv-01936 ("*CPI II*") (D.P.R.).

   a.   In August 2017, the Board moved to dismiss the first complaint on sovereign-immunity grounds. *CPI I*, ECF 22 at 5–9 (Aug. 29, 2017).[1]  In its opposition, CPI argued that Puerto Rico (and, by extension, the Board) does not possess sovereign immunity under the Eleventh Amendment and, even if it did, Congress eliminated that immunity when it enacted PROMESA. *CPI I*, ECF 25 at 6–12 (Sept. 18, 2017).  Pertinent to the instant motion, CPI did *not* argue that the Board's immunity had been waived under Commonwealth law.

   The district court rejected the Board's immunity defense, holding that although Puerto Rico is treated like a state for Eleventh Amendment purposes, Congress "waived, or in the alternative abrogated" the Board's immunity when it enacted PROMESA. *CPI I*, 2018 WL 2094375, at *1 (D.P.R. May 4, 2018).[2]  The Board did not immediately appeal that ruling.

---

[1] The Board also raised additional grounds not relevant here.

[2] Although the district court used the term "waiver," that was a different concept from the one CPI raises now.  The district court was addressing whether *Congress*, when it passed PROMESA, intended to eliminate the Board's sovereign immunity. The Supreme Court answered that question in the negative.  By contrast, CPI's current argument is that *Puerto Rico*, as the sovereign entitled to immunity, relinquished that privilege on behalf of all governmental entities.  This Panel recognized that the former concept discussed by the district court is more accurately called "abrogation," not "waiver." *Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt. Bd. for P.R.*, 35 F.4th 1, 16 (1st Cir. 2022).

3

Later in the proceedings, a magistrate issued a report and recommendation ("R&R") ordering the Board to produce a detailed privilege log covering thousands of documents. *CPI I*, ECF 108 at 18 (July 31, 2019). The Board objected to the R&R, again referencing its immunity defense. *CPI I*, ECF 110 at 1 n.2 (Aug. 14, 2019).

b.    While the Board's objection was pending, CPI brought a second complaint asserting an identical claim for public disclosure of Board documents but covering a later time period. *CPI II*, ECF 1 (Sept. 30, 2019). The Board moved to dismiss the second complaint, again asserting its immunity defense. *CPI II*, ECF 10 at 12–17 (Oct. 25, 2019). In opposing the motion, CPI made the same abrogation argument. *CPI II*, ECF 17 at 15–19 (Nov. 5, 2019). Again, CPI did *not* argue that the Board's immunity was waived under Commonwealth law.

c.    After the two cases were consolidated, the district court issued two orders rejecting the Board's immunity defense. The first order adopted the magistrate's R&R in the first litigation, and the second denied the Board's motion to dismiss the second litigation. *CPI I*, ECF 131 (Mar. 23, 2021), ECF 133 (Mar. 24, 2021). In both orders, the court incorporated its earlier ruling that PROMESA "waives, or in the alternative, abrogates" the Board's immunity. *Id.*

4

2.    The Board appealed both orders.  Again, CPI did not argue that the Board's immunity was waived under Commonwealth law.  Instead, it pressed the same two arguments that it had been asserting in response to the Board's immunity defense since 2017—that Puerto Rico (and, thus, the Board) has no immunity under the Eleventh Amendment; and that Congress abrogated the Board's immunity when it enacted PROMESA.  Doc. No. 00117754470 at 41–45 (Jun. 18, 2021).  CPI further argued that the Board waived its immunity defense through its litigation conduct.  *Id.* at 35–41.

This Panel affirmed.  It agreed with the Board and the district court that the Eleventh Amendment applies to Puerto Rico as if it were a state.  *Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt. Bd. for P.R.* ("*CPI III*"), 35 F.4th 1, 14 (1st Cir. 2022).  It further assumed that the Board was an "arm" of Puerto Rico protected by the Commonwealth's immunity because CPI had not argued otherwise.  *Id.* at 14–15.  The Panel nevertheless concluded that 48 U.S.C. § 2126(a) of PROMESA abrogated the Board's immunity by requiring suits against the Board to be brought in federal court.  *Id.* at 16–20.[3]

3.    The Supreme Court granted certiorari solely on the question of whether 48 U.S.C. § 2126(a) abrogates the Board's immunity.  *Fin. Oversight &*

_____

[3] The Panel also rejected CPI's argument that the Board had waived its immunity through litigation conduct.  *CPI III*, 35 F.4th at 10.

*Mgmt. Bd. for P.R. v. Centro de Periodismo Investigativo, Inc.* ("*CPI IV*"), 143 S. Ct. 1176, 1182 (2023). The Court assumed without deciding that Puerto Rico possesses sovereign immunity, which the Court noted was "settled" law under this Court's precedent. *Id.* at 1182–83. It then held that § 2126(a) does not abrogate that immunity. *Id.* at 1183–86. It therefore reversed this Panel's decision and "remand[ed] the case for further proceedings consistent with [its] opinion." *Id.* at 1186; *see also CPI IV*, Judgment (May 11, 2023).

4.    On remand, the Panel issued a Judgment vacating the district court's decisions, remanding the case, and ordering the district court to dismiss the consolidated action with prejudice. Doc. No. 118019902 (Jun. 12, 2023). CPI now asks the Panel to reconsider that Judgment.

## ARGUMENT

Reconsideration is unwarranted because the Panel did not overlook or misapprehend any point of law or fact when it issued its Judgment on remand from the Supreme Court. Fed. R. App. P. 40(a)(2).[4] The Panel correctly recognized that there is nothing more to litigate in this case, and therefore the district court should dismiss the case with prejudice. CPI had a full and fair opportunity to oppose the Board's sovereign-immunity defense in both litigations, and all its arguments

---

[4] Although CPI styles its submission as a motion for reconsideration, it effectively is asking the Panel to rehear the Judgment.

6

propounded in the district court have now been rejected by the Supreme Court or this Panel.  The case is over.

CPI contends that two issues remain to be litigated:  (*i*) whether Puerto Rico is treated as a State for Eleventh Amendment purposes (Mot. 5–10); and (*ii*) whether Puerto Rico waived its sovereign immunity (and, by extension, the Board's immunity) to disclosure claims under Commonwealth law (Mot. 10–13).[5] The first issue does not warrant further consideration because this Court's precedent is clear that "the Commonwealth of Puerto Rico is protected by the Eleventh Amendment to the same extent as any state."  *Arecibo Cmty. Health Care, Inc. v. Puerto Rico*, 270 F.3d 17, 21 n.3 (1st Cir. 2001).  In accord with that precedent, the Panel already resolved the Eleventh Amendment argument against CPI, and the Supreme Court did not disturb that ruling.  The Panel's ruling that the Eleventh Amendment applies to Puerto Rico is thus both unassailable and the law of the case.

---

[5] CPI also identifies as an issue "whether the Board can benefit from the protections accorded by" the doctrine set forth in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).  Mot. 4.  But that is just another way of asking whether the Eleventh Amendment applies to the Board because, as the Panel previously recognized, *Pennhurst* is an application of Eleventh Amendment immunity.  *See CPI III*, 35 F.4th at 6 n.5; *see also Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006).

The second issue is forfeited because CPI did not raise it either at the district court or before this Court in the appeal. It is far too late in the day for CPI to inject a new theory into this case, which has been litigated for more than six years.

## A.     This Panel Has Already Decided, Consistent with Well-Settled Precedent, that the Eleventh Amendment Applies to Puerto Rico.

The law-of-the-case doctrine bars remand for the district court to consider CPI's argument that Puerto Rico should not enjoy immunity from suit. This Panel and the district court have both already squarely rejected that argument. *CPI III*, 35 F.4th at 14; *CPI I*, 2018 WL 2094375, at *5. And the Supreme Court did not disturb that aspect of the Panel's ruling. *CPI IV*, 143 S. Ct. at 1182–83. The Panel's ruling that the Eleventh Amendment applies to Puerto Rico is thus law of the case and cannot be overturned by the district court on remand. *See Cohen v. Brown Univ.*, 101 F.3d 155, 167–68 (1st Cir. 1996).

Even apart from law of the case, this Court has repeatedly held that Puerto Rico enjoys the same immunity that States enjoy under the Eleventh Amendment. *See, e.g.*, *Vaquería Tres Monjitas, Inc. v. Pagan*, 748 F.3d 21, 24 n.1 (1st Cir. 2014); *Arecibo*, 270 F.3d at 21 n.3; *Jusino Mercado v. Com. of P.R.*, 214 F.3d 34, 39 (1st Cir. 2000). That binding case law makes CPI's Eleventh Amendment argument a foregone conclusion: There is no reason to remand for the district court to decide whether Puerto Rico is covered by the Eleventh Amendment because the district court is bound to resolve that question against CPI.

8

CPI spends much of its motion arguing that it preserved the argument that Puerto Rico is not treated like a State under the Eleventh Amendment.  Mot. 7–10.  That is beside the point.  The problem with CPI's Eleventh Amendment argument is not that it was unpreserved but that it runs directly counter to the Panel's prior decision and decades of precedent.  As the Panel previously explained, CPI's only attempt to overcome that overwhelming precedent—by arguing that *Puerto Rico v. Sánchez-Valle*, 579 U.S. 59 (2016), overruled that precedent—fails because *Sánchez-Valle* did not address whether Puerto Rico has sovereign immunity.  *CPI III*, 35 F.4th at 14.  Moreover, this Court has continued to recognize the Eleventh Amendment's application to Puerto Rico after *Sánchez-Valle.  See Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 33 (1st Cir. 2020); *Grajales v. P.R. Ports Auth.*, 831 F.3d 11, 15 (1st Cir. 2016).[6]

### B.  CPI's Commonwealth-Law Waiver Argument Is Forfeited.

CPI further requests a remand so that it can pursue a brand-new theory:  that Puerto Rico waived the Board's immunity under Commonwealth law.  Mot. 11–13.  CPI has never previously raised this argument in the six years that these cases have been litigated.  Nor has any court passed on it.  Accordingly, the argument is

---

[6] It is irrelevant that a single dissenting Justice of the Supreme Court questioned Puerto Rico's immunity.  Mot. 7 n.3 (citing *CPI IV*, 143 S. Ct. at 1186 (Thomas, J., dissenting)).  Eight Justices recognized this Court's "settled" precedent that Puerto Rico is treated as a state for Eleventh Amendment purposes.  *CPI IV*, 143 S. Ct. at 1182.

forfeited.  *See Davis v. Fort Bend Cty.*, 893 F.3d 300, 307–08 (5th Cir. 2018)

("[Appellee] waited five years and an entire round of appeals all the way to the

Supreme Court before it argued that [Appellant] failed to exhaust.  On these facts,

it is abundantly clear that [Appellee] has forfeited its opportunity to assert this

claim.").

CPI has never before argued that the Board's immunity was waived under

Puerto Rico law.  It did not raise that argument before the district court on any of

the several occasions when the Board asserted its immunity defense.  *E.g.*, *CPI I*,

ECF 25 (Sept. 18, 2017); *CPI II*, ECF 17 (Nov. 5, 2019).  And it did not raise the

argument when the consolidated cases were appealed to this Court.  *See* Doc. No.

00117754470 (Jun. 18, 2021).

The *first time* CPI ever pressed this waiver argument was in its motion for

reconsideration ten days ago following remand from the Supreme Court.

Tellingly, although CPI spends several pages of its motion establishing that it

preserved its Eleventh Amendment argument below (*see* Mot. 7–10), it makes no

comparable attempt to show that it preserved the waiver argument.[7]

---

[7] It is irrelevant for preservation purposes whether certain *amici* raised the
Commonwealth-law waiver argument at the Supreme Court.  *See Rhode Island v.
Narragansett Indian Tribe*, 19 F.3d 685, 705 n.22 (1st Cir. 1994) ("In the court of
appeals, amici cannot usurp the litigants' prerogative and introduce new issues or
issues not properly preserved for appeal."); *see also* Mot. 11–12.  The Supreme

In these circumstances, CPI has forfeited any argument that the Board's immunity was waived under Commonwealth law. *See, e.g.*, *Tibble v. Edison Int'l*, 843 F.3d 1187, 1196 (9th Cir. 2016) (argument deemed forfeited on remand from Supreme Court because appellee failed to raise the argument in its initial appeal). As Justice Kagan explained in *Retirement Plans Committee of IBM v. Jander*, on remand "the Court of Appeals may of course determine under its usual rules of waiver or forfeiture [that] it will not consider" a particular argument if it had not been properly preserved before certiorari was granted. 140 S. Ct. 592, 595 (2020) (Kagan and Ginsburg, JJ., concurring). Following the remand in that case, the Second Circuit held that the argument at issue was forfeited because it had not been raised prior to certiorari being granted. *Jander v. Ret. Plans Comm. of IBM*, 962 F.3d 85, 86 (2d Cir. 2020). Similarly here, CPI's Commonwealth-law waiver argument was not raised in CPI's appellate briefs or any time prior to certiorari being granted; the argument is thus forfeited. *See United States v. Reyes-Santiago*, 804 F.3d 453, 459 (1st Cir. 2015) ("[A]ny issue not raised in a party's opening brief is forfeited.").

CPI's contention that the Supreme Court "clearly" contemplated that the waiver argument would be litigated on remand is pure sophistry. Mot. 11 (quoting

---

Court properly ignored the argument because it had never been raised by any party at any stage of the litigation.

*CPI IV*, 143 S. Ct. at 1185).  In the portion of the decision quoted by CPI, the Court merely explained that 48 U.S.C. § 2125 was not superfluous under the Court's reading because the Board's immunity could theoretically be abrogated or waived in a given case.  *CPI IV*, 143 S. Ct. at 1185.  The Court's observation that it is possible for the Board's immunity to be abrogated or waived in a given case does not come close to suggesting that the Court "contemplat[ed]" that any particular waiver argument would be litigated on remand.

### C.    The Panel's Judgment Does Not Violate the Supreme Court's Mandate.

The Supreme Court's mandate reversed the Panel's earlier Judgment and remanded "for further proceedings consistent with the opinion of this Court."  *CPI IV*, Judgment (May 11, 2023).  As explained above, there are no unresolved issues that could affect the outcome of this case.  Accordingly, as the Panel recognized, the only "further proceedings" required is the dismissal of CPI's claims.

Contrary to CPI's contention, a mandate remanding for "further proceedings" does not require further litigation.  Mot. 2.  Intermediate appellate courts commonly remand with instructions for a district court to enter judgment for one party or the other when no unresolved issues remain following a decision by the Supreme Court.  For example, this Court, following a remand "for further proceedings consistent with this opinion" in *Financial Oversight & Management Board for Puerto Rico v. Aurelius Investment, LLC*, 140 S. Ct. 1649, 1665–66

(2020), issued a short order affirming the district court's order and effectively ending the case.  *See* Doc. No. 117612758 in Appeal No. 18-1671 (1st Cir. Jul. 9, 2020).

As CPI notes, issues assumed by the Supreme Court are not part of its mandate.  Mot. 6–7 (citing 18B Wright & Miller, Federal Practice and Procedure § 4478.3 (2d ed. 2021)).  All that means is that the Supreme Court's decision in *CPI IV* does not resolve whether Puerto Rico is treated like a state under the Eleventh Amendment.  But this Panel's prior decision and this Court's precedent resolve that issue, which eliminates any need for further litigation.  Contrary to CPI's view, the mandate rule does not require the district court to "entertain" an issue that has already been definitively resolved in this Circuit.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration should be denied.

Dated: June 26, 2023

Respectfully submitted,

*/s/ Timothy W. Mungovan*

MARTIN J. BIENENSTOCK
MARK D. HARRIS
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
mbienenstock@proskauer.com
mharris@proskauer.com

TIMOTHY W. MUNGOVAN
JOHN E. ROBERTS
LAURA STAFFORD
ADAM L. DEMING
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel: (617) 526-9600
tmungovan@proskauer.com

13

GUY BRENNER                          jroberts@proskauer.com
PROSKAUER ROSE LLP                   lstafford@proskauer.com
1001 Pennsylvania Ave, N.W.          ademing@proskauer.com
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6830
gbrenner@proskauer.com


*Attorneys for Defendant-Appellant*
*Financial Oversight and Management Board for Puerto Rico*

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,729 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in a 14-point Times New Roman font.

Dated:  June 26, 2023

*/s/ Timothy W. Mungovan*
Timothy W. Mungovan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system, which electronically served a copy on all counsel of record.

Dated:  June 26, 2023

<u>*/s/ Timothy W. Mungovan*</u>
Timothy W. Mungovan